1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JOHN HALE, an individual,                    CASE NO. 04-CV-2500 BEN (POR)

12                             Plaintiff,          **ORDER:**

13                                                 **(1) DENYING PLAINTIFF'S**
                                                   **MOTION IN LIMINE TO**
14   vs.                                           **EXCLUDE EVIDENCE OF**
                                                   **ARREST, [Doc. # 73];**
15
                                                   **(2) GRANTING PLAINTIFF'S**
16                                                 **MOTION IN LIMINE TO**
                                                   **EXCLUDE EVIDENCE OF**
17                                                 **OTHER ARRESTS, [Doc. # 74]; and**
     GABRIEL GIL, an individual; and JOSHUA
18   WEBER, an individual,                         **(3) GRANTING PLAINTIFF'S**
                                                   **MOTION IN LIMINE TO**
19                             Defendants.         **EXCLUDE EVIDENCE OF**
                                                   **PROBATION VIOLATIONS, [Doc.**
20                                                 **# 75]**

21

22          This case arose out of an arrest and detention of Plaintiff John Hale ("Plaintiff" or "Hale").

23   The trial is scheduled to start on January 16, 2008.  On November 9, 2007, Plaintiff filed in limine

24   motions.  Having received no opposition, the Court issued rulings on December 6, 2007.  Also on

25   December 6, 2007, Defendants filed their oppositions to Plaintiff's motions.  On December 13,

26   2007, Defendants filed their replies.  In the interests of justice, the Court will consider the

27   oppositions and replies.

28          Plaintiff alleges as following: he was a passenger in a car driven by his friend.  (Second

1   Amended Complaint ("SAC"), ¶¶ 13).  The car was pulled over for speeding, and the driver was

2   arrested for driving under the influence.  (SAC, ¶ 13-14).  Plaintiff got out of the car and asked if

3   the car could be left at his home, which was one block away.  (SAC, ¶ 16).  The deputy sheriff[1]

4   said that the car would be impounded.  (SAC, ¶ 16).  Plaintiff and the deputy engaged in an

5   argument, and the deputy arrested Plaintiff.  *Id.*

6        After his arrest, Plaintiff was taken to the San Diego jail and booked.  (SAC, ¶ 17).  When

7   Plaintiff was walking to his cell, a deputy sheriff crumpled up a sheet of paper and threw it at

8   Plaintiff.  (SAC, ¶ 19).  The paper ball hit Plaintiff.  *Id.*  Plaintiff picked up the paper and tossed it

9   back through the door.  (SAC, ¶ 20).  Defendants deputy sheriffs Gabriel Gil ("Gil") and Joshua

10  Weber ("Weber," collectively "Defendants") ran toward Plaintiff, pushed him down, and beat him,

11  striking him on the face, head and body.  (SAC, ¶21).  Plaintiff was knocked unconscious.  *Id.*  He

12  was then hogtied by another individual, no longer a defendant in this action.  Plaintiff received

13  lacerations on his chin and forehead which required stitches.  The Second Amended Complaint

14  asserts violations of the Fourth, Eighth and Fourteenth Amendments under 42 U.S.C. § 1983;

15  assault and battery; intentional infliction of emotional distress; and violations of the First, Fourth

16  and Fourteenth Amendments under the California Civil Rights Act.

17       **I.       Plaintiff's Motion to Exclude Evidence of the Arrest**

18       This motion remains denied.  Plaintiff moves to exclude any evidence related to the

19  circumstances of the traffic stop and his arrest.  Plaintiff acknowledges and is willing to stipulate

20  that he "was arrested for being drunk in public and resisting arrest."  (Pl.'s Mot. at 1).  Plaintiff

21  argues, however, that his "drunken conduct" during the traffic should be not used "to dirty him up

22  in front of the jury."  (*Id.* at 3).

23       Defendants intend to prove the following.  At the time of the traffic stop, Plaintiff was

24  intoxicated.  He yelled at the deputies at the scene and interfered with their duties.  After a warning

25  that he could be arrested for being drunk in public, Plaintiff was in fact arrested around 2:50 p.m.

26  He continued to be verbally abusive and combative.  When at 3:40 p.m. on the same day Plaintiff's

27  booking photograph was taken at the jail, he did not stop arguing and threatening the deputies.

28

[1]This deputy is not a defendant in this action.

1   Once booked, Plaintiff threw something at the California Highway Patrol officer with

2 whom Plaintiff had been arguing earlier.  Then Plaintiff proceeded to his cell where Defendant

3 Deputy Gil was waiting for him.  Gil commanded Plaintiff to do something as Plaintiff was

4 walking by, but Plaintiff did not comply.  Plaintiff was also verbally threatening Gil.  Plaintiff then

5 made a sudden movement which Gil perceived as a threat.  Gil grabbed Plaintiff and tried to hold

6 him against the wall.  Plaintiff started to fight.

7   Plaintiff denies any allegations of belligerence at the time of the incident in the jail, which

8 took place around 4:50 p.m.  Plaintiff provided a video from the jail closed-circuit monitoring

9 system.  As a preliminary matter, the video is not properly authenticated.  It is accompanied by a

10 Notice of Lodgment, but no declaration from counsel regarding its origin.  In addition, the video

11 does not offer any conclusive evidence regarding the incident.  The video has no sound.  The tape

12 shows the same sequence of events from different angles.  The different excerpts can be connected

13 only by the passage of time marked on the screen.  The quality of the tape does not allow to make

14 out the details in the background.

15   The video shows the following from one of the angles: Plaintiff is walking through a

16 doorway toward the holding cells, approaching the viewer.  He then picks something up and tosses

17 it back through the doorway from which he came.  Plaintiff then puts his hands in his pockets and

18 walks down the hallway, disappearing from sight.  A deputy runs toward Plaintiff and also

19 disappears from sight.

20   From another angle, the video picks up when a deputy runs toward Plaintiff, and both

21 appear to come down on the floor fighting.  More officers arrive.  Plaintiff and the officers are

22 shown from a distance, in the background.  The quality of the video does not allow the viewer to

23 see the details.  It is hard to see who is fighting whom or  how hard.  One cannot tell whether

24 Plaintiff is still intoxicated or hostile to the deputies.  The absence of sound also leaves  room for

25 interpretation.  In sum, the video itself does not conclusively establish that Plaintiff was provoked

26 by deputies or that he was attacked by deputies without any provocation on his part.

27   As this Court stated before, the evidence of Plaintiff's condition is relevant and probative.

28 Relevant evidence "may be excluded if its probative value is substantially outweighed by the

1   danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

2   The events described in the SAC are close in time to the stop and arrest and are likely to be parts of

3   the same continuous conduct.  Therefore the evidence of Plaintiff's condition and behavior at the

4   time of the arrest may aid the jury in determining the merits of Plaintiff's claims.  The danger of

5   unfair prejudice, confusion or misleading the jury does not outweigh the probative value.

6         Further, the evidence may indicate Plaintiff's possible motive in throwing the piece of

7   paper and the ensuing incident.  Evidence of "other crimes, wrongs, or acts" is not admissible to

8   prove a person's character, but may be admissible for other purposes, such as proof of motive,

9   intent or plan.  Fed.R.Evid. 404(b).  Plaintiff's attitude before and during the arrest may

10   demonstrate his attitude toward the deputies.  Therefore the evidence of Plaintiff's conduct during

11   the traffic stop and arrest is admissible.

12         **II.      Plaintiff's Motion to Exclude Evidence of Other Arrests**

13         This motion remains granted.  Plaintiff has been arrested both prior to this incident and

14   after this incident for acts related to alcohol consumption.  Plaintiff moves to exclude the evidence

15   of all other arrests.

16         Defendants now argue that the evidence of prior arrests is admissible because it shows

17   Plaintiff's state of mind, habit and pattern of conduct in recent years, bias against law enforcement

18   and motive to sue.  Including the underlying arrest in this case, Plaintiff has been arrested five

19   times for being intoxicated in public: in 1999, 2000, 2004, 2006, and 2007.  On each of those

20   occasions Plaintiff was uncooperative with the police.  He pleaded guilty to resisting arrest once

21   and was found guilty of resisting arrest once.  On three of the occasions, Plaintiff threatened to sue

22   the arresting officers.  Plaintiff also has violated the terms of his court-ordered probation.

23         The evidence of the priors arrests is character evidence and, in any event, is too prejudicial

24   to be admitted.  "Evidence of a person's character or a trait of character is not admissible for the

25   purpose of proving action in conformity therewith on a particular occasion." Fed.R.Evid. 404(a).

26   The prior arrests are not factually related to the one at issue here.  The officers are not alleged to be

27   the same.  Therefore the evidence of the prior arrests appears to show Plaintiff's propensity to

28   become belligerent every time he is arrested by any police officer.

1    This evidence does not pertain to habit.  Unlike character evidence, evidence of habit is

2    admissible.  Fed.R.Evid. 406.  Although character and habit are close akin, habit is more specific.

3    *See Henderson v. Prado,* 2007 WL 1229330, 2  (N.D. Cal. 2007) (citing the Advisory Committee

4    notes to FRE 406).  Character is one's general disposition.  Habit describes one's regular response

5    to a repeated specific situation.  *See id.*  This response may become "semi-automatic."  *See id.*

6    Plaintiff's alleged hostility toward police officers, when drunk and being placed under arrest, is a

7    general disposition of his character.  His uncooperative attitude is a matter of choice, and not a

8    reflexive response.

9    It is possible to interpret the evidence of the prior arrests as showing Plaintiff's ongoing

10   bias against law enforcement officers and his intent to sue.  It will be too hard for a jury, however,

11   to draw the rather fine line between Plaintiff's bias and motive, and his propensity to resist and

12   abuse any police officer who arrests him.  Therefore the evidence of the prior arrests is excluded.

13   **III.   Plaintiff's Motion to Exclude Evidence of Probation Violations**

14   This motion remains granted.  According to Defendants, Plaintiff has committed multiple

15   probation violations, including his failure to attend Alcoholics Anonymous meetings and to pay

16   fines, as well as consumption of alcohol and violations of the law.  Plaintiff seeks to exclude the

17   evidence of any such violations as prejudicial.

18   Defendants argue that the violations will show Plaintiff's disregard of probation conditions,

19   his attitude and bias against law enforcement, as well as "habit and behavior with respect to law

20   enforcement and the judiciary."  (Defs.' Opp. to Pl.'s Motion in Limine No. 3).  As concluded

21   above, Plaintiff's attitude toward law enforcement is evidence of his general disposition and

22   therefore inadmissible character evidence.

23   Defendants, however, also assert that this evidence will be used for impeachment.  The

24   Court will reserve the ruling on the admissibility of this evidence for impeachment purposes.

25   **IT IS SO ORDERED.**

26   DATED:  January 8, 2008

27   _____

28   Hon. Roger T. Benitez
     United States District Judge